## CAMPBELL v. GILPIN.

(Court of Appeals of the District of Columbia. Submitted November 13, 1925. Decided December 7, 1925.)

### No. 1775.

1. Patents ⟶101—In interference proceeding, claims given broad interpretation, warranted by terms, when read in light of application.

In interference proceeding, claims of application for patent must be given broad interpretation, which their terms reasonably warrant, when read in light of application in which they originated.

2. Patents ⟶51 (2)—Installation of device on railway car held a reduction to practice, as affecting right to priority in interference proceeding.

Installation of device for releasing coupling pin of railway cars on cars of a particular railroad *held* a reduction to practice, as affected right to priority in interference proceeding.

Appeal from Commissioner of Patents.

Interference proceeding between Sterling H. Campbell and Garth G. Gilpin. From a decision awarding priority to Campbell, the senior party, Gilpin, the junior party, appeals. Affirmed.

E. E. Huffman, of St. Louis, Mo., for appellant.

E. S. Clarkson and Melville Church, both of Washington, D. C., and P. H. Truman, of Chicago, Ill., for appellee.

Before MARTIN, Chief Justice, ROBB, Justice, and SMITH, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. Appeal from a decision of the Patent Office in an interference proceeding awarding priority to the senior party, Gilpin.

The invention, while comparatively simple, possesses great utility, and the case, because of its importance, has been very thoroughly presented, both before the Patent Office and here. The issue is defined in six counts, all of which originated in the Campbell application. Counts 1 and 2 are sufficiently illustrative, and read as follows:

"1. The combination, with a railway car, of a coupler head carried thereby, a knuckle lock for said coupler head, provided with an eye, an actuating rod, and a link connected to said rod, said link having a bend formed in its lower part, the end of said bend being extended to form a complete loop open for the reception of the eye of the knuckle lock, and the smallest over-all dimension of the loop being greater than any dimension of the eye, whereby said link can only be engaged with the eye of the knuckle lock by a pivotal movement about an axis substantially perpendicular to the plane of the loop.

"2. The combination, with a railway car, of a coupler head carried thereby, a knuckle lock for said coupler head provided with an eye, an actuating rod, and a link, provided at its upper part with a complete loop open to receive the eye of the actuating rod, the lower part of said link having formed therein a bend, the end of said bend being extended to form a complete loop open to receive the eye of the knuckle lock, and the smallest over-all dimension of the loop being greater than any dimension of the eye whereby said link can only be engaged with the eye of the knuckle lock by a pivotal movement around an axis substantially perpendicular to the plane of the knuckle lock."

An examination of these counts discloses that the invention is a mechanism for releasing the coupling pin of a railway car, and comprises a link having a helical loop or bend in its lower end, to be inserted in the eye of the pin; the link being locked by a bar engaging its upper end. The helical loop is designed to prevent the removal of the link when in locked position by any shifting, jarring, or vibration of the parts incident to the movement of the train. This loop is the bone of contention in the case.[*]

Campbell filed his application on January 7, 1916, and a patent issued thereon May 22, 1917. Gilpin's application was filed September 18, 1917, as a division of application No. 44,717, filed August 10, 1915. If, therefore, Gilpin's original application disclosed this invention, the Campbell patent was inadvertently issued.

In the specification of his early application, Gilpin says: "The object of my invention is to provide between the hand lever and the lock pin lifter a joint, which is flexible to service conditions, but which at the same time prevents the pin lifter from being rotated around its axis, to such an extent, at least, as will make it possible for the pin lifter to be disengaged from the locking pin of the coupler, thereby eliminating all danger of its becoming accidentally disengaged from the coupler lock pin." This is followed by a recitation of other objects, which need not be mentioned here.

[1] Figures 10 and 11 of the drawing of that application, according to the finding of two of the tribunals of the Patent Office, disclose a structure, not only capable of performing this intended function, but which fairly read upon the claims of the

issue, if those claims are given the broad interpretation which their terms reasonably warrant, when read in the light of the application in which they originated, and that they must be so read in an interference proceeding is settled law in this court. Miel v. Young, 29 App. D. C. 481; Western Elec. Co. v. Martin, 39 App. D. C. 147; Kirby v. Clements, 44 App. D. C. 12, and Clulee v. Adt, 44 App. D. C. 300.

[2] In April of 1915, some time prior to the filing of the early Gilpin application, his device was installed on cars of the Rutland Railroad, and, after reviewing the evidence on this point, we agree with the Examiner of Interferences and the Assistant Commissioner that this installation constituted a reduction to practice by Gilpin of the invention. Since this date was earlier than the earliest date of conception claimed by Campbell, it follows that the conclusion reached by the Patent Office was right. The opinion of the Assistant Commissioner, which we adopt, contains a full and very satisfactory discussion of the evidence and the law of the case.

The decision is affirmed.

Affirmed.